```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              JACKSON DIVISION
```

**CHARLES STEVENS**                                                **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:07-cv-714-WHB-LRA**

**CITY OF JACKSON, MISSISSIPPI, ET AL.**                          **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants the Mississippi Bureau of Narcotics, Ronald Rhodes in his official capacity, and Marshall Fisher in his official capacity to Dismiss and/or for Summary Judgment. Plaintiff has not responded to the subject Motion. Pursuant to the rules governing civil procedure in the Southern District of Mississippi, the Court finds the Motion to Dismiss should be granted as unopposed, and that certain claims in this case should be dismissed without prejudice.

### I.  Discussion

On December 6, 2007, Plaintiff, Charles Stevens ("Stevens") filed a Complaint in this Court against several defendants including the Mississippi Bureau of Narcotics ("Bureau of Narcotics"), Ronald Rhodes ("Rhodes"), and Marshall Fisher

("Fisher"),[1] alleging *inter alia* claims arising under 42 U.S.C. § 1983 and Mississippi common law.[2]  Stevens's claims are predicated on allegations that he was physically assaulted on or about September 26, 2006, by employees of the Mississippi Bureau of Narcotics, the Hinds County Sheriff's Department, and/or the City of Jackson Police Department after being stopped at a road block that had been established by one or more of these agencies.

On May 21, 2008, the Bureau of Narcotics, and Rhodes and Fisher in their official capacities, filed the subject Motion to Dismiss and/or for Summary Judgment.  In support of the Motion, the Bureau of Narcotics argues that the Section 1983 claim and state law claims Stevens alleges against it should be dismissed because they are barred by Eleventh Amendment immunity.  Defendants Rhodes and Marshall argue that the Section 1983 claim alleged against them in their official capacities should be dismissed because they are likewise barred by Eleventh Amendment immunity, and because state officials acting in their official capacities are not "persons" for the purposes of maintaining a Section 1983 claim.

In accordance with the Federal Rules of Civil Procedure and with the Uniform Local Rules of the United States District Courts

---

[1]  Defendants Rhodes and Fisher are sued in both their individual and official capacities.

[2]  As Stevens alleges claims arising under federal law, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

for the Northern and Southern Districts of Mississippi ("Local Rules"), Stevens's Response to the subject Motion was due on June 9, 2008. To date, Stevens's Response has not been filed. Based on Steven's failure to respond, the Court finds that the Motion of the Bureau of Narcotics, Rhodes, and Fisher to Dismiss should be granted as unopposed in accordance with the Local Rules of this District. <u>See</u> Local Rule 7.2(C)(2) (providing: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."). The Court additionally finds that as dismissal will be predicated on Stevens's failure to respond to a dispositive motion, the dismissal must be without prejudice. <u>See</u> <u>Arundar v. DeKalb County Sch. Dist.</u>, 620 F.2d 493, 495 (5th Cir. 1980).

**II. Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants the Mississippi Bureau of Narcotics, Ronald Rhodes in his official capacity, and Marshall Fisher in his official capacity to Dismiss and/or for Summary Judgment [Docket No. 26] is hereby granted as unopposed.

Plaintiff's claims arising under 42 U.S.C. § 1983 as well as his pendant state law claims alleged against the Mississippi Bureau of Narcotics are hereby dismissed without prejudice.

Plaintiff's claims arising under 42 U.S.C. § 1983 alleged against Ronald Rhodes in his official capacity and against Marshall Fisher in his official capacity are hereby dismissed without prejudice.

SO ORDERED this the 17th day of February, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE