# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CHARLES STEVENS**                                                     **PLAINTIFF**

VS.                                           CIVIL ACTION NO. 3:07-cv-714-WHB-LRA

**CITY OF JACKSON, MISSISSIPPI, ET AL.**                  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants Hinds County, Mississippi; Sheriff Malcolm McMillin; Deputy Donald Rhodes; and Deputy Kevin Sweeney to Dismiss, which is brought pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure. Having considered the Motion, Response, Rebuttal, as well as supporting and opposing authorities, the Court finds the subject Motion should be denied, and that Plaintiff should be granted additional time in which to effectuate service on these defendants.

## I. Factual Background and Procedural History

On December 6, 2007, Plaintiff, Charles Stevens ("Stevens") filed a Complaint in this Court against several defendants including Hinds County, Mississippi ("Hinds County"); Sheriff Malcolm McMillin ("McMillin"); Deputy Donald Rhodes ("Rhodes"); and Deputy Kevin Sweeney ("Sweeney"),[1] alleging *inter alia* claims

---

[1] Defendants McMillin, Rhodes, and Sweeney are sued in both their individual and official capacities.

arising under 42 U.S.C. § 1983 and Mississippi common law.[2] Stevens's claims are predicated on allegations that he was physically assaulted on or about September 26, 2006, by employees of the Mississippi Bureau of Narcotics, the Hinds County Sheriff's Department, and/or the City of Jackson Police Department after being stopped at a road block that had been established by one or more of these agencies.

On February 21, 2008, Stevens sent Hinds County, McMillin, Rhodes, and Sweeney a Notice of Lawsuit and Request for Waiver of Service of Summons. See Docket Nos. 11, 12, 13 & 14. As understood by the Court, none of these defendants agreed to waive service within the time period specified in the Notice. According to Stevens, on April 23, 2008, he personally served copies of the Summons and Complaint on Major Sweeney with the Hinds County Sheriff's Department. See Resp. [Docket No. 34], at 2. According to the moving defendants, copies of the Summons and Complaint were delivered to Stacy Rutland, an employee with the Hinds County Sheriff's Department, who is not authorized to accept service of process for any of these defendants. See Mem. in Supp. of Mot. to Dismiss [Docket No. 20], at 2.[3]

---

[2] As Stevens alleges claims arising under federal law, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

[3] Stevens did not file any proof of service as required under Rule 4(l) of the Federal Rules of Civil Procedure. As such, the Court cannot verify if, when, or on whom service was effectuated.

On May 16, 2008, Hinds County, McMillin, Rhodes, and Sweeney moved for dismissal of the lawsuit against them pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure, arguing that they had not been properly served within the 120-day time period prescribed by Rule 4(m), and that the service Stevens attempted was insufficient.  In response, Stevens requests an extension of time pursuant to Rule 4(m) in which to properly serve these defendants.

**II.  Discussion**

Under the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

FED. R. CIV. P. 4(m).  Interpreting Rule 4(m), the United States Court of Appeals for the Fifth Circuit has found that "when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices:  It may either 'dismiss the action without prejudice ... or direct that service be effected within a specified time.'"  Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).  "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause."  Id.  See also Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995).

3

The Court finds that regardless of whether good cause has been shown for the purposes of Rule 4(m), the time period for serving process in this case should be extended. As explained by the Fifth Circuit when discussing this Rule:

> Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."

Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)) (alterations in original)(other citations omitted). In the case *sub judice*, Stevens has alleged state law claims including assault and battery. See Compl. Counts V and VI. Under Mississippi law, these claims are governed by a one year statute of limitations. See MISS. CODE ANN. § 15-1-35. As the alleged acts underlying Stevens's assault and battery claims occurred on or about September 26, 2006, the applicable statute of limitations would bar Stevens's claims of assault and battery against Hinds County, McMillin, Rhodes, and Sweeney if they were re-filed. Accordingly, the Court finds that under Millan Stevens should be granted additional time in which to effectuate service of process on these defendants. For this reason, the Court will grant Stevens an additional thirty days in which to properly serve Hinds County, McMillin, Rhodes, and Sweeney in the manner prescribed by the Federal Rules of Civil Procedure.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants Hinds County, Mississippi; Sheriff Malcolm McMillin; Deputy Donald Rhodes; and Deputy Kevin Sweeney to Dismiss [Docket No. 19] is hereby denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff is hereby granted thirty days from the date this Order is entered to properly serve/re-serve Defendants Hinds County, Mississippi; Sheriff Malcolm McMillin; Deputy Donald Rhodes; and Deputy Kevin Sweeney in the manner prescribed by the Federal Rules of Civil Procedure. In the event Plaintiff fails to serve/re-serve Defendants Hinds County, Mississippi; Sheriff Malcolm McMillin; Deputy Donald Rhodes; and Deputy Kevin Sweeney within the allotted time period, these defendants may again move for dismissal under the Federal Rules of Civil Procedure.

SO ORDERED this the 17th day of February, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE