```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**CHARLES STEVENS**                                              **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO. 3:07-cv-714-WHB-LRA**

**CITY OF JACKSON, MISSISSIPPI, ET AL.**                        **DEFENDANTS**


**CONSOLIDATED WITH**

**CHARLES STEVENS**                                              **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO. 3:09-cv-424-WHB-LRA**

**CITY OF JACKSON, MISSISSIPPI, ET AL.**                        **DEFENDANTS**


**OPINION AND ORDER**

This cause is before the Court on the Motion of Defendants, the Mississippi Bureau of Narcotics, Ronald Rhodes, and Marshall Fisher to Dismiss and to Consolidate. Having considered the Motion, Response, as well as supporting and opposing authorities, the Court finds the Motion to Dismiss should be granted in part, and denied in part, and that the Motion to Consolidate should be denied as moot.[1]

---

[1] An Order consolidating the above referenced cases was previously entered by United States Magistrate Judge Linda R. Anderson.

## I. Factual Background and Procedural History

On December 6, 2007, Plaintiff, Charles Stevens ("Stevens") filed a Complaint against the City of Jackson, Mississippi; Hinds County, Mississippi; the Mississippi Bureau of Narcotics ("MBN"); Brendon Bell ("Bell"); Brian Pippin ("Pippin"); Ronald Rhodes ("Rhodes"); Donald Rhodes ("Donald Rhodes"); Kevin Sweeney; Shirlene Anderson ("Anderson"); Malcolm McMillin ("McMillin"); and Marshall Fisher ("Fisher") alleging claims arising under 42 U.S.C. §§ 1983, 1985, and 1986, as well as claims arising under Mississippi common law.[2] Stevens's claims were predicated on allegations that he was physically assaulted on or about September 26, 2006, by employees of the MBN, the Hinds County Sheriff's Department, and/or the City of Jackson Police Department after being stopped at a road block established by one or more of these agencies. The case was filed in this Court, and was docketed as Civil Action No. 3:07-cv-714 ("Stevens I").[3]

On February 17, 2009, the Court entered an Opinion and Order dismissing Stevens's Section 1983 and state law claims against the MBN, and dismissing Stevens's Section 1983 claims against Rhodes and Fisher in their official capacities, without prejudice. See

---

[2] Defendants Bell, Pippin, Rhodes, Donald Rhodes, and Sweeney are sued in both their individual and official capacities.

[3] As Stevens alleged claims arising under federal law, the Court found it could exercise subject matter jurisdiction over Stevens I pursuant to 28 U.S.C. § 1331.

Stevens I [Docket No. 40]. On March 24, 2009, the Court entered an Opinion and Order dismissing Stevens's Section 1985 and Section 1986 claims against Rhodes and Fisher in their official capacities. See Stevens I [Docket No. 49]. On May 8, 2009, the Court entered an Opinion and Order dismissing defendants Hinds County, Mississippi; McMillin; the City of Jackson, Mississippi; and Pippin without prejudice. See Stevens I [Docket No. 55]. On July 14, 2009, the Court entered an Opinion and Order dismissing defendants Sweeney, Anderson, and Bell without prejudice. See Stevens I [Docket No. 61]. Thus, the only claims remaining in Stevens I, are the Section 1983, 1985, and 1986 alleged against Rhodes and Fisher in their individual capacities, the state law claims alleged against Rhodes and Fisher in both their individual and official capacities, and the claims alleged against Donald Rhodes in his individual and official capacity.

On March 6, 2009, Stevens filed a second lawsuit against the MBN, Rhodes, and Fisher, in the Circuit Court for the First Judicial District of Mississippi, alleging the same causes of action arising from the same operative facts as alleged in Stevens I. On May 21, 2009, Stevens amended his complaint to add the City of Jackson, Mississippi; Hinds County, Mississippi; Bell; Pippin; Donald Rhodes; Sweeney; Anderson; and McMillin as defendants in that case. The case was removed to this Court, and docketed as

Civil Action No. 3:09-cv-424 ("Stevens II").[4]  Stevens I and Stevens II were subsequently consolidated by an Order entered by United States Magistrate Judge Linda R. Anderson on September 11, 2009.  See Order [Stevens I Docket No. 66].

The MBN, Rhodes, and Fisher (collectively "Defendants") have now moved to have all of the claims Stevens alleges against them in both Stevens I and Stevens II dismissed.

**III.  Discussion**

Defendants have moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss brought under this Rule is generally "viewed with disfavor" and "rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Under Rule 12(b)(6), a party may seek dismissal based on its opponent's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  "To survive a

---

[4] As Stevens has again alleged claims arising under federal law, the Court again finds it may properly exercise subject matter jurisdiction over Stevens II pursuant to 28 U.S.C. § 1331.

4

Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quoting Bell Atl., 550 U.S. at 555).

Defendants have moved to dismiss the state law claims alleged against them in Stevens II, which include negligent failure to prevent conspiracy; failure to adequately train and supervise; battery; assault; outrage; intentional and negligent infliction of emotional distress; and negligent supervision, hiring, and retention, on the grounds that they are barred by the applicable statute of limitations. In support of this argument, Defendants claim, and the Court agrees, that all of the state law claims alleged against them in Stevens II have been brought under the Mississippi Tort Claims Act ("MTCA"), which provides, *inter alia*:

> The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

5

Miss. Code Ann. § 11-46-7(1). See also Black v. Ansah, 876 So. 2d 395, 397-98 (Miss. Ct. App. 2003)(explaining that as the plaintiff only alleged tort claims against the State, she was required to pursue those claims under the MTCA "because the Tort Claims Act's remedy 'is exclusive of any other civil action or civil proceeding'" and, if the MTCA "provides a remedy for an injury caused by official acts or misconduct, then the ... Act is the exclusive remedy for all claims that may be asserted based upon that misconduct.") (citing City of Jackson v. Sutton, 797 So. 2d 977, 980 (Miss. 2001)). Defendants further argue that under the MTCA, Stevens was required to file his claims within one year of the date on which the allegedly tortious conduct occurred. See Miss. Code Ann. § 11-46-11. Finally, Defendants argue that as the allegedly tortious activity in this case occurred on or about September 26, 2006, but that Stevens did not file Stevens II until March 6, 2009, the MTCA claims alleged against Defendants in Stevens II are time-barred.

In response, Stevens argues that his MTCA claims are not barred by the applicable statute of limitations because he timely filed Stevens I. Specifically, Stevens argues:

> The underlying acts and omissions occurred on September 26, 2006. Accordingly, [Stevens] gave the Defendants notice of his claim on August 2, 2007 thereby tolling the statute of limitations until November 5, 2007. Then Plaintiff filed his initial Complaint [i.e. Stevens I] for Damages against Defendants, inter alia, on December

>    2, 2007.[5] After this Court entered the aforementioned
>    dismissal, [Stevens] filed a complaint against the
>    Defendants for the same factual occurrence in the Circuit
>    Court of Hinds County, Mississippi ... on March 6, 2009.

See Resp. to Mot to Dismiss filed in Stevens II [Docket No. 11], at 2 (alterations in original). Although not specifically referenced in his Response, it appears that Stevens is arguing that his MTCA claims are not time-barred based on Mississippi Code Annotated Section 15-1-69, which provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

MISS. CODE ANN. § 15-1-69. The Mississippi Supreme Court, however, has expressly held that Section 15-1-69 "does not apply to the MTCA." See Stockstill v. State, 854 So. 2d 1017, 1021 (Miss. 2003).

---

[5] The filing of a notice of claim under the MTCA tolls the one-year statute of limitations for claims brought under that Act for a period of ninety-five days. See MISS. CODE ANN. § 11-46-11(3)(providing: "All actions brought under the provisions of [the MTCA] shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by [the MTCA] shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim ....").

7

The Court finds that as the allegedly tortious conduct in this case occurred on or about September 26, 2006, and as the tolling provision of Mississippi Code Annotated Section 15-1-69 does not apply to Stevens's MTCA claims, that the MTCA claims he alleges in Stevens II are time-barred. Accordingly, the Court finds that the MTCA claims alleged against the MBN, Rhodes, and Fisher in Stevens II should be dismissed.

The MBN next moves to dismiss Stevens's Section 1983, 1985, and 1986 claims on the grounds that it is not considered a "person" for the purpose of maintaining such claims and is otherwise immune from suit. Rhodes and Fisher have likewise moved to dismiss these claims, to the extent they are alleged against them in their official capacities, for the same reasons. The Court finds that as Eleventh Amendment immunity bars Stevens's Section 1983, 1985, and 1986 claims against the MBN, and likewise bars these federal causes of action against Rhodes and Fisher in their official capacities, the motion of Defendants to dismiss these claims should be granted. See e.g. Early v. Souther Univ. v. Agricultural & Mechanical College Bd. of Supervisors, No. 06-30516, 2007 WL 3230318, at *2 (5th Cir. Oct. 31, 2007)(dismissing Section 1985 and 1986 claims against defendants sued in their official capacities on the grounds of Eleventh Amendment immunity)[6]; Vuncannon v. United States, Civil

---

[6] Although unpublished, the Court finds the Early decision provides persuasive authority warranting dismissal of official capacity 1985 and 1986 claims. See Rule 47.5.4 of the Local Rules of the Fifth Circuit.

8

Action No. 3:08-cv-23, 2008 WL 4936493, at * 2 (N.D. Miss. Nov. 14, 2008)(dismissing Section 1983 claims against the MBN and 1983 claims against MBN employees sued in their official capacities on the basis of Eleventh Amendment immunity).

Finally, Rhodes and Fisher move to dismiss the claims alleged against them in <u>Stevens I</u> and <u>Stevens II</u> on the grounds of qualified immunity. Qualified immunity is available to state actors who are sued under 42 U.S.C. § 1983 in their official capacities, <u>see</u> <u>Foley v. University of Houston Sys.</u>, 355 F.3d 337-38 (5th Cir. 2003), and provides a shield from civil liability to officials whose conduct does not reasonably violate a clearly established constitutional or statutory right. <u>See</u> <u>Davis v. Sherer</u>, 468 U.S. 183, 194 (1984). <u>See</u> <u>also</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (holding that the doctrine of qualified immunity protects officers charged with discretionary duties from suit unless their conduct violates a clearly established constitutional right); <u>Johnston v. City of Houston</u>, 14 F.3d 1056, 1059 (5th Cir. 1994) ("Whether a government official is entitled to qualified immunity generally turns on the objective reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken.")(alternations in original)(citations omitted).

In the cases *sub judice*, Stevens alleges claims under 42 U.S.C. § 1983 arising from Defendants' alleged use of excessive

9

force during a traffic stop/road block. The United States Supreme Court has recognized that "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Thus, to determine whether the force used in a particular case was objectively reasonable, the Court must consider whether a reasonable officer would have used a similar degree of force in light of the particular facts and circumstances that existed at the time of the incident. In so doing, the Court must pay "careful attention to the facts and circumstances of each particular case" including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. Id. at 396.

Here, the Court cannot determine whether Rhodes or Fisher are entitled to qualified immunity based on the pleadings before it. Specifically, in his complaints, Stevens alleges that he was a passenger in a vehicle that was stopped by a road block that had been established by law enforcement personnel; that neither he nor the driver of the vehicle were engaged in any criminal activity at the time of the stop; that he was asked to exit the vehicle and fully complied with the request; that when exiting the vehicle, he

10

was physically assaulted, struck in the face, hand-cuffed, punched, and kicked by the law enforcement officers there present, including Rhodes; that he sustained serious injuries, including a broken nose, as a result of the assault; that the law enforcement personnel did not find any contraband during a subsequent search of the vehicle; that the driver of the vehicle was told to leave Stevens at the scene; and that Stevens thereafter was required to walk home. See e.g. Am. Compl. [Stevens II] at ¶¶ 8-14. Neither Rhodes nor Fisher have addressed the allegations in Stevens's complaints, but merely allege that at all times relevant to the dispute they were acting in the course and scope of their duties and that they exercised ordinary care in the execution of their duties. See Mot. to Dismiss [Stevens I Docket No. 43], Exs. A & B.

Based on Stevens's allegations that (1) he was not engaged in any criminal activity at the time he was stopped at the road block, (2) he complied with all of the requests made by the law enforcement personnel attending the roadblock, (3) he did not pose any risk or threat to the law enforcement personnel or to others, (4) he did not actively resist the officers or otherwise attempt to flee the scene, (5) and despite the lack of criminal activity, risk, or resistance he was beaten, slapped, punched, kicked, and handcuffed by the officers there present, and, further, as these allegations are not refuted or otherwise explained by Rhodes and/or Fisher, the Court cannot conclude that the alleged actions taken

against Stevens were reasonable under the then-existing circumstances. As such, the Court finds that Rhodes and Fisher have failed to show that they are entitled to qualified immunity on the claims alleged against them in their individual capacities. According, the Court denies the motion to dismiss as regards the individual capacity claims alleged against Rhodes and Fisher.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Dismiss [Civil Action No. 3:09-cv-424, Docket No. 3] is hereby granted in part, and denied in part.

To the extent the subject motion seeks the dismissal of Plaintiff's state law claim as alleged in Stevens II, Plaintiff's Section 1983, 1985, and 1986 claims as alleged in Stevens II against the Mississippi Bureau of Narcotics, and Plaintiff's Section 1983, 1985, and 1986 claims as alleged in Stevens II against Ronald Rhodes and Marshall Fisher in their official capacities, the motion is granted.

To the extent the subject motion seeks the dismissal of Plaintiff's claims as alleged in Stevens I and Stevens II against Ronald Rhodes and Marshall Fisher on the basis of qualified immunity, the motion is denied.

IT IS FURTHER ORDERED that the Motion of Defendants to Consolidate is hereby denied as moot.

IT IS FURTHER ORDERED that the stay entered in this case pending a ruling on the issue of qualified immunity is hereby vacated.

SO ORDERED this the 30th day of March, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE